# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**BURNELL DAVIS, #46921**                                                                   **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:05cv202WHB-AGN**

**LAMAR PICKARD, JOHN MARK KING, M.A. BASS,**
**ALEXANDER MARTIN, GARY FAIR and HAROLD JONES**[1]      **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, <u>sua sponte</u>, for consideration of dismissal. Plaintiff Davis, an inmate currently incarcerated in the Delta Correctional Facility, Greenwood, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Lamar Pickard, Circuit Court Judge for Copiah County; John Mark King, criminal defense attorney; M.A. Bass, criminal defense attorney; Alexander Martin, Copiah County District Attorney; Gary Fair, probation officer; and Harold Jones, Sheriff of Copiah County. On April 28, 2005, the plaintiff was ordered to file an amended complaint to specifically state how each named defendant violated his constitutional rights. On May 2, 2005 and May 4, 2005, the plaintiff filed his amended complaint and a response to the Court's order to amend. On May 12, 2005, the plaintiff was ordered to file a written response stating if he had challenged his current conviction and imprisonment by filing for relief with the state courts of Mississippi under the Mississippi Post-Conviction Collateral Relief Act. On May 27, 2005, plaintiff filed his response to this Court order. Upon liberal review of the entire Court record, this Court has reached the following conclusions.

---

[1] Initially, the plaintiff named only Lamar Pickard and the Circuit Court of Copiah County as defendants. The Court's order of April 28, 2005, advised the plaintiff that the Court could not be named as a party in this lawsuit and allowed the plaintiff an opportunity to replace this named defendant. The plaintiff filed his response [doc.# 8] on May 4, 2005, replacing the Circuit Court of Copiah County with defendants King, Bass, Martin, Fair and Jones.

Background

Plaintiff complains that defendant Pickard violated his constitutional rights by waiting twenty-one and one-half months before bringing him to trial to plead guilty and he was made to plead guilty to a crime he did not commit. According to the sentencing order attached to the plaintiff's amended complaint, he pled guilty to statutory rape on August 1, 2003 and was sentenced to serve five years in the custody of the Mississippi Department of Corrections, with the first nineteen months to serve and the remainder of the sentence to be served on three years post-release supervision. On March 1, 2004, the plaintiff's post-release supervision was revoked and he was sentenced to serve three years and five months in the custody of the Mississippi Department of Corrections. See Sentencing Order, Circuit Court of Copiah County, cause no. 2002-78CR, filed July 19, 2004. The plaintiff alleges that defendants King and Bass, as his criminal defense attorneys, misrepresented him by not filing certain motions and making misleading statements. Plaintiff alleges that defendant Martin as the district attorney told him that if he pleaded guilty he would be allowed to go home. Plaintiff further complains that defendants Fair and Jones have provided incorrect or failed to provide information that has led to the miscalculation of his sentence and the time he is required to actually serve in custody. The plaintiff has requested his release from incarceration as well as 1.3 million dollars in monetary damages.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  Id.  As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendants.

---

(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

Claims

Initially, this Court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). If the plaintiff's claims regarding his conviction and sentence are proven and this Court grants the requested relief, it could result in the plaintiff receiving an early release from custody. The plaintiff must first pursue his request for his release from custody by filing a petition for habeas corpus relief.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). Since the plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court and states that he has not utilized the Mississippi Post-Conviction Collateral Relief Act, the Court finds that he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore the portion of plaintiff's complaint requesting his release from custody will not be liberally construed as a petition for habeas corpus relief but will be dismissed without prejudice.

Defendants

In order to have a viable claim under 42 U.S.C. § 1983, the plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving plaintiff of this right acted under color of any statute of the State. Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). In the complaint and amended complaints, there are not any allegations to establish defendants King and Bass as state actors. The allegations of the complaints indicate that these defendants are private citizens. Even if these defendants were court appointed attorneys or public defenders who represented the plaintiff, this fact alone does not establish them as state actors under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981). Any deprivation plaintiff allegedly suffered from defendants King and Bass were not "under color of state law." Thus, the plaintiff cannot pursue this complaint against defendants King and Bass under 42 U.S.C. § 1983.

Even if the plaintiff were able to demonstrate that defendants King and Bass were state actors, his claims for monetary damages are barred by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint

    must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 2372 (footnotes omitted); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994). A judgment in favor of the plaintiff in this action would necessarily imply the invalidity of his conviction or sentence. Therefore, even if plaintiff were able to prove that defendants King and Bass acted under color of state law, he has failed to demonstrate that his conviction and/or sentence has been invalidated in order to overcome the bar to this suit established by Heck v. Humphrey.

    To the extent the plaintiff is requesting monetary damages from defendants Pickard and Martin, they are absolutely immune from such relief. Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. Graves v. Hampton, 1 F.3d 315, 317 (5th Cir.1993). "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985) (citing Stump v. Sparkman, 435 U.S. 349 (1978)), cert. denied, 474 U.S. 1101 (1986). Furthermore, absolute immunity also extends to prosecutors who are performing prosecutorial acts. Imbler v. Pachtman, 424 U.S. 409 (1976). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); see also Forrester v. White, 484 U.S. 219, 220-21, 108 S.Ct. 538, 540-41, 98 L.Ed.2d 555 (1988). The plaintiff does not provide any facts to establish that defendants Pickard and Martin were performing acts other than those directly related to presiding over or prosecuting the criminal case against the plaintiff. Accordingly, the plaintiff

cannot maintain this action for monetary damages pursuant to § 1983 against defendants Pickard and Martin.

The only allegations asserted against defendants Fair and Jones involve the calculation of the petitioner's sentence and his request for release from custody. As explained above, these claims are properly pursued in a habeas corpus action and will be dismissed.

## Conclusion

As discussed above, the plaintiff's claims for release from custody are habeas in nature and not properly pursued under 42 U.S.C. § 1983 and will be dismissed, without prejudice. Plaintiff's claims for monetary damages are barred by Heck v. Humphrey,[3] defendants Pickard and Martin are immune from suit for monetary damages regarding this claim, and defendants King and Bass are not a state actors as required under § 1983. Consequently, these claims will be dismissed with prejudice.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 1st day of July, 2005.

s/William H. Barbour, Jr.<br>
UNITED STATES DISTRICT JUDGE

---

[3] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).